JAP:HLJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

JASMINE RAIN LEIBOVITZ and
NATHANIEL ANTHONY WALKER,

             Defendants.

- - - - - - - - - - - - - - - - -X

<u>C O M P L A I N T</u>

(21 U.S.C. §§ 952(a)
 and 960)

EASTERN DISTRICT OF NEW YORK, SS:

      DEREK BERGMAN, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about June 11, 2012, within the Eastern District of New York and elsewhere, defendants JASMINE RAIN LEIBOVITZ and NATHANIEL ANTHONY WALKER did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.   On or about June 11, 2012, JASMINE RAIN LEIBOVITZ and NATHANIEL ANTHONY WALKER arrived at John F. Kennedy International Airport ("JFK Airport") in Queens, New York, aboard Jet Blue Airlines flight 820 from Santo Domingo, Dominican Republic.

2.   Defendant JASMINE RAIN LEIBOVITZ was selected for a Customs and Border Protection ("CBP") inspection.  LEIBOVITZ stated that she was traveling with her boyfriend, NATHANIEL ANTHONY WALKER.  She presented two carry-on bags for inspection, which she claimed were her own.  During the baggage examination the CBP officer noticed that the inside panels of one of the bags felt unusually thick.  The inner panels of the bag were probed, revealing a white powdery substance that field-tested positive for the presence of cocaine.  The approximate gross weight of the cocaine recovered from LEIBOVITZ's bag is 2,294 grams.

3.   After being advised of and waiving her Miranda warnings, LEIBOVITZ stated, in sum and substance, that she knew she was transporting illegal narcotics into the United States from the Dominican Republic and that she expected to be paid for

---

[1]   Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

doing so.

4.     Defendant NATHANIEL ANTHONY WALKER was selected for a Customs and Border Protection ("CBP") inspection.  WALKER stated that he was traveling with his girlfriend, LEIBOVITZ.  He presented two carry-on bags for inspection, which he claimed were his own.  During the baggage examination the CBP officer noticed that the inside panels of one of the bags felt unusually thick. The inner panels of the bag were probed, revealing a white powdery substance that field-tested positive for the presence of cocaine.  The approximate gross weight of the cocaine recovered from WALKER's bag is 2,614 grams.

5.     After being advised of and waiving his Miranda warnings, the defendant stated, in sum and substance, that he knew he was transporting illegal narcotics into the United States from the Dominican Republic and that he expected to be paid for doing so.

WHEREFORE, your deponent respectfully requests that defendants JASMINE RAIN LEIBOVITZ and NATHANIEL ANTHONY WALKER be dealt with according to law.

_____
DEREK BERGMAN
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
12th day of June, 2012

_____
THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

4